ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN OFFICIAL OPINION REGARDING WHETHER A PHYSICIAN MAY SERVE AS A CITY COUNCILMAN AND ALSO PRACTICE MEDICINE AT A HOSPITAL OWNED BY THE CITY. TITLE 11 O.S. 30-101 [11-30-101] (1981), AS AMENDED, AUTHORIZE A MUNICIPAL GOVERNING BODY TO ESTABLISH AND MAINTAIN A MUNICIPAL HOSPITAL, AND 11 O.S. 30-102 [11-30-102] AUTHORIZES THE MUNICIPAL GOVERNING BODY TO, IN ITS DISCRETION AND BY ORDINANCE, PLACE THE EXCLUSIVE MANAGEMENT AND CONTROL OF THE MUNICIPAL HOSPITAL UNDER A BOARD OF CONTROL OF FIVE MEMBERS, CHOSEN BY THE GOVERNING BODY FROM THE CITIZENS OF THE MUNICIPALITY. THIS GOVERNING BOARD IS DESCRIBED BY THE STATUTES AS HAVING EXCLUSIVE CONTROL OF EXPENDITURES OF MONIES COLLECTED AND DEPOSITED TO THE CREDIT OF THE HOSPITAL FUND, AND IS SAID TO HAVE THE EXCLUSIVE MANAGEMENT AND CONTROL OF THE MUNICIPAL HOSPITAL. HOWEVER, 11 O.S. 30-104 [11-30-104] ALSO PROVIDES THAT THE BOARD OF CONTROL "SHALL HAVE AUTHORITY TO APPOINT, AND REMOVE, A SUITABLE SUPERINTENDENT, OR MATRON, OR BOTH, AND NECESSARY ASSISTANTS AND NURSES, AND TO FIX THEIR COMPENSATION, ALL OF WHICH SHALL BE SUBJECT TO THE APPROVAL OF THE MUNICIPAL GOVERNING BODY." IN CONTRAST, 11 O.S. 30-106 [11-30-106] AUTHORIZES THE BOARD OF CONTROL TO APPOINT COMPETENT AND EXPERIENCED NURSES AND ATTENDANTS AND EMPLOY COMPETENT AND EXPERIENCED PHYSICIANS AND SURGEONS. HOWEVER, WHILE UNDER 30-104, THE ASSISTANTS' AND NURSES' APPOINTMENTS MUST BE APPROVED BY THE MUNICIPAL GOVERNING BODY, THERE APPEARS TO BE NO REQUIREMENT THAT PHYSICIANS' EMPLOYMENT MUST BE APPROVED. ASSUMING, THEN, THAT THE MUNICIPALITY IN QUESTION HAS IN FACT APPOINTED A HOSPITAL BOARD OF CONTROL, IT IS WITHIN THE BOARD'S SOLE DISCRETION TO DETERMINE WHICH PHYSICIANS IT WILL EMPLOY. BECAUSE IT IS THE BOARD OF CONTROL, AND NOT THE CITY COUNCIL, WHICH EMPLOYS PHYSICIANS AT THE HOSPITAL, THERE DOES NOT APPEAR TO BE ANY OBVIOUS CONFLICT OF INTEREST PRESENT, WHICH WOULD PRECLUDE A PHYSICIAN FROM SITTING ON THE CITY COUNCIL AND PRACTICING MEDICINE AT THE HOSPITAL OWNED BY THE CITY. THE RELEVANT CONFLICT OF INTEREST STATUTES ARE FOUND AT 62 O.S. 371 [62-371] AND 21 O.S. 344 [21-344] (1981). 62 O.S. 371 [62-371] FORBIDS, AMONG OTHERS, A CITY COUNCIL FROM MAKING ANY CONTRACT WITH ANY OF ITS MEMBERS, OR IN WHICH ANY OF ITS MEMBERS SHALL BE DIRECTLY OR INDIRECTLY INTERESTED, AND ALL CONTRACTS MADE IN VIOLATION OF THAT SECTION ARE VOID. SIMILARLY, 21 O.S. 344 [21-344] MAKES IT A MISDEMEANOR FOR A PUBLIC OFFICER WHO IS AUTHORIZED TO MAKE A CONTRACT IN HIS OFFICIAL CAPACITY TO VOLUNTARILY BECOME INTERESTED DIRECTLY OR INDIRECTLY IN THE CONTRACT. ASSUMING, THEN, THAT THE HOSPITAL IN QUESTION HAS A BOARD OF CONTROL WHICH CONTRACTS WITH PHYSICIANS, THERE IS NO OBVIOUS VIOLATION OF THESE STATUTES AS THE CONTRACT IS NEITHER MADE NOR APPROVED BY THE CITY COUNCIL. OF COURSE, SHOULD ANY PUBLIC OFFICER ATTEMPT TO UNDULY INFLUENCE OTHERS IN THE PERFORMANCE OF THEIR DUTIES, THE OFFICER MAY BE SUBJECT TO OUSTER OR OTHER PROCEEDINGS FOR MISCONDUCT IN OFFICE. BECAUSE THE QUESTION YOU RAISE IN YOUR OPINION REQUEST APPEARS TO BE ANSWERED BY VIRTUE OF THE ABOVE-CITED STATUTES, IT DOES NOT APPEAR NECESSARY TO ISSUE AN OFFICIAL OPINION AT THIS TIME. IF YOU HAVE ANY QUESTIONS IN THIS REGARD, PLEASE FEEL FREE TO CONTACT ME. (SUSAN BRIMER LOVING)